[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGEMENT
The plaintiff alleges in her two count complaint that the defendant damaged her building when it demolished an adjoining building and seeks relief on a theory of negligence, count one, and contract, as a third party beneficiary, count two. The defendant has filed this Motion for Summary Judgement claiming that the complaint is time barred under 52-584 and that the plaintiff lacks standing to bring the contract claim.
"In deciding a motion for summary judgment, the trial court CT Page 9795 must view the evidence in the light most favorable to the nonmoving party. . . [t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted, internal quotation marks omitted.). Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co, v. AetnaLife Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001 (1995), citing Practice Book § 381.
The defendants argue that the plaintiff's negligence claim is time barred by § 52-584 because the cause of action accrued on or before August 5, 1993, and the plaintiff "did not bring this action until August 7, 1995, more than two years after the alleged incident occurred." (Defendants' Memorandum, p. 4). The defendants submit the affidavit of Carl Pelletier, a building official for the city. Pelletier attests that he ordered the emergency demolition of the burned structure on August 3, 1996. He avers that the demolition began that evening, that he supervised the demolition, and that he was on the site regularly until the completion of the demolition. He attests that within twenty-four hours the building was demolished to a point below the roof of the adjacent property, and that based upon his observations of the site he believes "that any damage to the roof of said store resulting from said demolition could not have occurred after August 5, 1993." (Defendants' Exhibit A: Affidavit of Carl Pelletier).
In response, the plaintiff argues that although the demolition commenced on or about August 3, 1993, the demolition was not completed until on or about August 18, 1993 and that the damage to the property resulted from debris accumulation that fell upon the roof during the defendants' demolition. Therefore, the plaintiff concludes that the statute of limitations would not have run until August 17, 1995. The plaintiff submits the affidavit of Cornelius Thibodeau, her husband, who attests that on August 4, 1993, a representative of the city advised him that the burned building must be demolished. During that evening he observed that pieces of the burned building were allowed to fall on the roof of the adjacent structure. He further avers that the demolition was not complete until August 18, 1993, and that CT Page 9796 during this two week period, debris from the demolition fell through the roof "which caused partial collapse of said roof thereby rendering the abutting parcel untenable." (Affidavit of Cornelius Thibodeau).
In the defendants' reply memorandum they argue that the statute of limitations "passed two years from the date that the plaintiff had notice of the damage." (Defendant's Reply Memorandum, p. 3). The defendants contend that the plaintiff's response to interrogatories reveal that she first discovered the damage on August 6, 1993. (Defendant's Exhibit A: Plaintiff's Response to Defendant's Interrogatories).
General Statutes § 52-584 provides in pertinent part that "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered." "In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm." Catz v.Rubenstein, 201 Conn. 39, 43, 513 A.2d 98 (1986). "Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury."Caron v. Adams, 33 Conn. App. 673, 679, 638 A.2d 1073 (1994).
In the present case, there is a genuine issue as to when the damage or harm occurred and therefore the date when the statute of limitations commenced. The defendants submitted an affidavit, which included the plaintiff's answers to interrogatories in support of their contention that the action accrued and the statute began to run either on or before August 5, 1993, but at no time later then August 6, 1993. However, the plaintiff's responses to the defendants' interrogatories are not properly considered in support of this motion for summary judgment. "Responses to interrogatories are not judicial admissions in contrast to admissions in a pleading or in open court." (Internal quotations omitted.) Esposito v. Wethered, 4 Conn. App. 641, 645,996 A.2d 222 (1985). See also General Statutes 52-200
(disclosures on oath obtained by either party to a suit, respecting the matters in the pleading, are not conclusive but may be contradicted like any other testimony.)
The court, based on the affidavits of Pelletier and Thibodeau, concludes that there is a question of fact as to when CT Page 9797 the actual harm done to the plaintiff's building may have occurred. Thibodeau says the demolition continued to August 18, 1993, Pelletier states that he does not believe any damage resulted after August 5th but does not "dispute that the demolition took place over an extended period of time." (Defendants' Reply Memorandum, p. 3). This issue must be decided by the fact finder and therefore the defendants motion for Summary Judgement as to the first count is denied.
As to count two of the plaintiff's operative complaint, the defendants argue that summary judgment should be granted because the plaintiff lacks standing to bring a cause of action based on breach of contract. It is the defendants claim that the parties to the contract did not intend the plaintiff to be a direct beneficiary of the contract. The defendants point to the language of the contract and offer the affidavit of Pelletier to support this assertion. The defendants further argue that the contract was a government contract, and, as a matter of law, the plaintiff has no standing to enforce the contract or sue for its breach.
In response, the plaintiff argues that summary judgment should be denied, because whether the parties intended the defendants to assume a direct obligation to the plaintiff is a question of fact. In addition, the plaintiff argues that the defendants have not made a factual showing as to the intent of the parties to the contract.
"A third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract. . . . Therefore, a third party beneficiary who is not a named obligee in a given contract may sue the obligor for breach." (Citation omitted.) Gateway v. DiNoia, 232 Conn. 223,230-31, 654 A.2d 342 (1995). "The proper test to determine whether a [contract] creates a third party beneficiary relationship is whether the parties to the [contract] intended to create a direct obligation from one party to the [contract] to the third party." Id., 231.
The plaintiff has attached two exhibits to its memorandum in opposition to the defendants' motion for summary judgment. Both exhibits are copies of a document entitled "Demolition Price Quote" and are dated August 3, 1993. Exhibit A is signed by Begley and Danny Joyce, an official for Community Development. Exhibit B is signed by Begley and Pelletier, a city building official. Both parties seem to rely on these documents as the CT Page 9798 embodiment of the agreement between the city and C D Enterprises. "Although the question of contractual intent ordinarily presents a question of fact for the fact finder, when the language is clear and unambiguous it is a question of law for the court." Gateway v. DiNoia, supra, 232 Conn. 232. In the present case the intent of the parties is not clear and unambiguous. The contract between Begley and the city provide in pertinent part that Begley was to: demolish a burned "Three story Brick and Wood Frame structure located at Baldwin street, Waterbury CT. 1) clean up and haul away all debris so site is clean and neat: 2) break up foundation and rough grade only, 3) leave attached (1) store, block store to the south of burnt structure." (Plaintiff's Memorandum in Opposition: Exhibit A and B).
The defendants argue that the contractual terms do not indicate that the parties to the contract intended to benefit the plaintiff. They argue that Pelletier specifically ordered the demolition of the building to benefit the general welfare of the city. The question is not whether the the parties intended to benefit the plaintiff but whether the defendants and the city intended that the defendants assume a direct obligation to the plaintiff. See Gateway v. DiNoia, supra, 232 Conn. 231. In the present case, the defendants do not offer any evidence to support the conclusion that the parties did not intend that the defendants assume a direct obligation to the plaintiff. On the other hand the plaintiff points to section three of Exhibits A B which indicates that the adjacent building should be left "attached". A fact finder could find that this language intended to confer a benefit on the plaintiff.
"[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.), Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994),Reynolds v. Chrysler First Communications Corp., 40 Conn. App. 725,731, 673 A.2d 573 (1996). See also Picataggio v. Romeo,36 Conn. App. 791, 794, 654 A.2d 382 (1995) ("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment."). But see Nolan v. Borkowski,206 Conn. 495, 505, 538 A.2d 1031 (1988) (court declines to interpretBatick v. Seymour, 186 Conn. 632, 443 A.2d 471 (1982) as "holding that a summary judgment may never be rendered in a case involving intent."). In this case there is a question whether the parties CT Page 9799 to the contract intended that the defendants assume a direct obligation to the plaintiff.
The defendant also claims that that it is impermissible for the plaintiff to attempt to enforce a governmental contract on her behalf and cites in support of that proposition Tolchinksy v.Town of East Lyme, Superior Court, judicial district of New London at New London, Docket No. 534710 (November, 15, 1995, Hurley, J). That case stands for the proposition that in order to withstand a motion to strike a plaintiff must allege that the contract between the parties evidences an intent to benefit a plaintiff. In the instant case the plaintiff has alleged that she was an intended beneficiary. In any event there is a question of fact as to whether the plaintiff was the intended beneficiary of the contract between the defendant and the city. The Motion for Summary Judgement as to count two is denied.
PELLEGRINO, J.