[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 17, 1996, the plaintiff,[1] William Cotter, individually, and on behalf of the estate of his wife Gloria Cotter, filed a two count complaint seeking underinsured motorists benefits from the defendant, Allstate Insurance Company (Allstate). The plaintiff alleges the following facts in his complaint. On July 1, 1995, the vehicle operated by the plaintiff was struck by the vehicle operated by Cornelius Sansone. William Cotter was injured in the accident, and Gloria Cotter died as a result of the injuries she sustained in the collision.
The tortfeasor, Sansone, carried an insurance policy with a liability limit of $300,000. No excess insurance or umbrella policies covered his liability in this matter.
The plaintiff and his wife, carried automobile insurance with Allstate, which provides underinsured motorist benefits. The plaintiff alleges that the amount paid by the tortfeasor was insufficient to cover the injuries sustained by the plaintiff and his wife in the accident. The plaintiff seeks underinsured motorist compensation from Allstate.
On May 22, 1998, Allstate moved for summary judgment, arguing that there is no genuine issue of fact concerning the lack of the defendant's liability to pay underinsured motorist benefits to the plaintiff. Allstate argues that it does not have the legal CT Page 11380 liability because the tortfeasor was not an "underinsured" motorist as defined by the applicable statute, case law and the subject insurance contract.
The plaintiff objects to the defendant's summary judgment motion, arguing that a genuine issue of material fact exists regarding whether the tortfeasor's motor vehicle was underinsured. Both parties have submitted memoranda of law to support their respective positions.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven. 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Bruttomesso v. NortheasternConnecticut Sexual Assault Crisis Services, Inc., 242 Conn. 1, 5,698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995).
The movant has the burden of demonstrating the absence of any genuine issue of material fact. . . . [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital, 239 Conn. 574,582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United TechnologiesCorp., supra, 233 Conn. 751-52. "A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.)United Oil Co. v. Urban Development Commission, 158 Conn. 364,379, 567 A.2d 829 (1969); Picataggio v. Romeo, 36 Conn. App. 791,793, 654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, CT Page 11381 therefore, cannot refute evidence properly presented to the court [in a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
Connecticut General Statutes § 38a-336(e) defines an underinsured motor vehicle as "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made. . . ." The plaintiff's policy provides underinsured benefits in the amount of $200,000 each person or $600,000 each accident.
The issue in this case is what constitutes the "applicable limits of liability under the uninsured motorist portion" of the plaintiff's Allstate policy. Allstate argues that the applicable limit to be used is the $200,000 each person. The sum of the limits of liability on the Sansone policy for bodily injury was $300,000, a sum greater than the applicable uninsured motorist coverage limit for each claimant. The plaintiff concedes that if the liability insurance of $300,000 is compared to the $200,000 per person underinsured motorist limit, then Sansone's vehicle was not underinsured and recovery under the Allstate policy is not allowed. If the $300,000 liability insurance is compared to the $600,000 per accident limit, however, then the tortfeasor's motor vehicle meets the definition of an underinsured vehicle. Plaintiff's Memorandum of Law p. 5.
In D'Arcangelo v. Hartford Casualty Ins. Co.,44 Conn. App. 377, 689 A.2d 502, cert. denied, 240 Conn. 925, 692 A.2d 818
(1997), the court, relying on Covenant Ins. Co. v. Coon,220 Conn. 30, 594 A.2d 977 (1991), held that when assessing whether a tortfeasor's vehicle is underinsured, the tortfeasor's liability insurance limit must be compared to the total per person limits, not the per accident limits, available to the claimant under the underinsured motorist policy. In Covenant Insurance Company v.Coon, the tortfeasor carried liability insurance with liability limits of $25,000 per person and $50,000 per accident. The Supreme Court held that "even though [the tortfeasor] had $50,000 per accident liability limits, Coon [the injured party seeking underinsured motorist compensation] never had more than $25,000 CT Page 11382 of this coverage potentially available to her. Thus, it is consistent with our earlier interpretation of § 38a-336 to conclude that the total of the per person limit is the amount of liability insurance available to the claimant, i.e., $25,000."Covenant Ins. Co. v. Coon, supra, 220 Conn. 34.
The plaintiff argues that regardless of the Connecticut Supreme Court's interpretation of § 38a-336, the terms of the plaintiff's Allstate policy clearly provide him underinsured motorist coverage; or, in the worst case, the policy's language is ambiguous. The plaintiff therefore argues that the court "only needs to determine the intent of the parties as it relates to underinsured motorist coverage at the formation of the contract."
In Part V (Uninsured Motorist Coverage/Underinsured Motorist Coverage/Coverage SS) of the plaintiff's Allstate policy, an underinsured auto is defined as "an auto which has a liability bond or liability insurance in effect and applicable at the time of the accident, but in an amount less than the applicable limits of liability for Uninsured and Underinsured Motorist coverage shown on the declarations page." The policy further provides in Part V:
Limits of Liability
The coverage limits shown on the declarations page for:
1. "each person" is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.
2. "each accident" is the maximum that we will pay for damages arising out of bodily injury to two or more persons in any one motor vehicle accident. The limit is subject to the limit for "each person."
"`Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity wherethe ordinary meaning leaves no room for ambiguity. . . .Similarly, any ambiguity in a contract must emanate from thelanguage used in the contract rather than from one party'ssubjective perception of the terms. . . . 24 Legett StreetPartnership v. Beacon Industries, Inc., 239 Conn. 284, 295, CT Page 11383685 A.2d 305 (1996)' (Emphasis added; internal quotation marks omitted.) Lawson v. Whitey's Frame Shop, 241 Conn. 678, 686-87,697 A.2d 1137 (1997)" Southeastern Conn. Regional ResourcesRecovery Authority v. DPUC, 244 Conn. 280, 291, 709 A.2d 549
(1998). "If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning."Hertz Corp. v. Federal Insurance Co., 245 Conn. 374, 381-82, ___ A.2d ___ (1998). "Although ordinarily the question of contractual intent presents a question of fact for the ultimate fact finder, where the language is clear and unambiguous it becomes a question of law for the court." Gateway Co. v. DiNoia, 232 Conn. 223, 232,654 A.2d 342 (1995).
The plaintiff argues that the applicable limit of liability for underinsured coverage in the present case is the "each accident" limit of $600,000, since the damages sought arose out of bodily injury to two or more persons. The plaintiff further argues that the language "[t]his limit is subject to the limit for each person," which is also contained in the "each accident" limit, is not relevant in determining the applicable limits of liability for purposes of § 38a-336(e).
In the present case, the only ambiguity in the language of the plaintiff's Allstate policy emanates from the plaintiff's subjective perception and application of the policy's terms, not the language of the policy itself. The language of the policy is clear and unambiguous and when accorded its natural and ordinary meaning, the applicable limit of liability for underinsured coverage is the limit of $200,000 for "each person." Nothing in the specific language of the plaintiff's Allstate policy removes this case from the application of the court's reasoning inD'Arcangelo v. Hartford Casualty Ins. Co., supra.
Since the $300,000 limit of liability under the tortfeasor's policy is not less than the $200,000 applicable limit of liability under the plaintiff's underinsured policy, the tortfeasor's automobile was not underinsured. Therefore, the defendant's motion for summary judgment is granted.
Howard F. Zoarski Judge Trial Referee