[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a personal injury action arising out of an alleged slip and fall on snow and ice in a parking lot located at 22 Isaac Street, Norwalk, Connecticut. The plaintiff, Randy Wooten, alleges that the defendants, the City of Norwalk and A.J. Penna Sons, caused his injuries as a result of their carelessness and recklessness, specifically that they failed to remove the snow and ice from the parking facility.
The defendant, A.J. Penna Sons, moves for summary judgment on the ground that there is no genuine issue of material fact pertaining to it since it did not perform snow plowing work in that area during the month of January, 1996. The defendant submitted an affidavit of Vincent Penna, a principal of A.J. Penna Sons Construction, in support of its position. No opposing affidavit has been filed.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real CT Page 13797 issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services. Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
"The movant has the burden of demonstrating the absence of any genuine issue of material fact . . . [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital, 239 Conn. 574,582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Internal quotation marks omitted.) Miller v. United TechnologiesCorp. , supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 567 A.2d 829 (1969); see also Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
The plaintiff has not submitted an affidavit in opposition to the defendant's motion for summary judgment, and in fact, has not objected to the motion at all. Therefore, as a matter of law, the CT Page 13798 defendant, A.J. Penna Sons', motion for summary judgment is hereby granted.
D'ANDREA, J.