[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action was brought by the plaintiff, Novus Financial Corporation F/K/A Sears Consumer Financial Corporation of Delaware ("Plaintiff') against the defendants, Mario Mascarinas and Henry Pangilinan ("defendants") to collect sums allegedly due on a promissory note dated September 15, 1997. The plaintiff alleges that the defendants promised to pay to the plaintiff the sum of $31,899.99 pursuant to the terms and conditions of the note. The plaintiff alleges that the defendants have failed to pay one or more installments on the note as they came due and now the entire balance is due and owed to the plaintiff. The note also provides that in the event of default, the defendants shall pay interest together with all costs of collection including reasonable attorney's fees.
The plaintiff filed a motion for summary judgment against the defendants as to damages and liability. The plaintiff submitted a memorandum of law and an affidavit in support of its motion for summary judgment. The motion was on the short calendar in this court on September 28, 1998, at which time, the court, D'Andrea, J., ordered that the defendants had two weeks (October 13, 1998) to file their opposition to the motion for summary judgment. CT Page 14010
Shortly thereafter, the defendants filed a motion for extension of time to file memorandum in opposition to motion for summary judgment (# 111). In their motion, the defendants requested an additional two week period (October 26, 1998) to file their opposition papers. Almost two months have passed, and no opposition has yet to be filed. Therefore, the defendants' motion for an extension of time is denied.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services. Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
"The movant has the burden of demonstrating the absence of any genuine issue of material fact . . . [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp. , supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 567 A.2d 829 (1969); see also Picataggio v. Romeo, 36 Conn. App. 791, 793, CT Page 14011654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
The defendants have not submitted an affidavit in opposition to the plaintiffs motion for summary judgment and, in fact, have not objected to the motion at all. Therefore, as a matter of law, the plaintiffs motion for summary judgment is hereby granted.
D'ANDREA, J.