[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This personal injury action was brought by the plaintiff, Wilhelmina Polka, against the defendants, St. John's Roman Catholic Church of Stamford ("St. John's") and the City of Stamford. The plaintiff alleges that she was injured when she slipped and fell on snow and ice in a parking lot owned by St. John's and leased to the City of Stamford. The plaintiff alleges that her injuries were a direct result of the defendants' negligence and carelessness in failing to maintain the parking lot in a safe condition. The first count alleges negligence and carelessness against St. John's, while the second count alleges the same against the City of Stamford.
The defendant City of Stamford filed a motion (#136) for summary judgment on the second count of the plaintiff's complaint on the ground that there is no question of material fact that "the Defendant City had no duty or right of possession or control whatsoever over the area where Plaintiff fell when she fell."
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 17-49, formerly § 384.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services, Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
"The movant has the burden of demonstrating the absence of any genuine issue of material fact. . . . [T]he party opposing CT Page 2107 such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 567 A.2d 829 (1969); see also Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
The moving defendant argues that, pursuant to section thirteen of the lease between the City and St. John's, the lessor had "exclusive use of the demised premises for each and every Sunday during the term of this Lease." The City argues that since the plaintiff allegedly fell on a Sunday, it is not responsible for the plaintiff's alleged injuries because the Church had" exclusive use" of the parking lot.
Despite section thirteen's grant of "exclusive use" of the premises to the lessor on Sundays, section ten of the lease provides that the lessee (City) "shall properly police, light and maintain the demised premises. . . . [City], during the term of this lease, shall provide at it's [sic] sole cost and expense all necessary services in connection with the use of the demised premises including but not limited to . . . maintaining the surface of the lot in a safe condition. . . . [City] shall provide for snow plowing and whenever this is done, [City] will also at no cost to [the lessor] have the adjoining St. John's Church property plowed." This provision does not limit the City's responsibility to days other than Sundays.
Viewing the evidence in the light most favorable to the nonmoving party, there is a question of fact as to who was CT Page 2108 responsible for the maintenance and care of the parking lot on the day, Sunday, that the plaintiff allegedly fell. Rational people could disagree as to whether the moving defendant was careless and/or negligent for failing to repair and/or maintain the parking lot. It is not "quite clear" what the truth is, creating doubt which should be resolved by the trier of fact. Since there are genuine issues of material fact which should be determined by the trier of fact, the defendant's motion for summary judgment is hereby denied.
So Ordered,
Dated at Stamford, Connecticut, this 19th day of February, 1999
WILLIAM BURKE LEWIS, JUDGE