[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Lannell Reed Emerson, brought this action against the defendants, Super 8 Motel — Stamford, Super 8 Northeast, Inc. and Super 8 Motels, Inc. The plaintiff alleges CT Page 4738 that on November 12, 1997 he was a paying guest at the defendants' Super 8 Motel in Stamford when his "automobile was damaged and broken into and $36,000 US cash was unlawfully stolen from the glove box of the car." The plaintiff alleges that the defendants owed him a duty to keep his property safe and they are liable for their failure to do so.
The defendants filed a motion (#109) for summary judgment on the ground that there is no genuine issue as to any material fact. They argue that they "have met their obligations under Connecticut General Statutes Section 44-1 and are thus not liable for the Plaintiff's loss."
A "motion for summary judgment is designed to eliminate the delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 17-49 (formerly § 384).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services, Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
"The movant has the burden of demonstrating the absence of any genuine issue of material fact. . . . [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v.United Technologies Corp. , supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." CT Page 4739 (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 567 A.2d 829 (1969); see also Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
The defendants argue that summary judgment should be entered in their favor since "[t]his action cannot be maintained because the Defendants are relieved from liability from operation of [General Statutes § 44-1]." That section provides that "[t]he proprietor of the hotel or inn shall not be liable for the loss of or damage to any . . . money, jewelry, . . . watches or other valuables belonging to, or brought to such hotel or inn by, a guest of such hotel or inn unless such guest has delivered such property to the person in charge of the office of such hotel for safekeeping and taken a written receipt therefor, provided such proprietor shall have posted in the room of such guest or in the office of such hotel or inn a notice to the effect that the proprietor has provided a safe for the keeping valuables. . . ."
Nothing in the complaint indicates that the plaintiff "delivered such property to the person in charge of the hotel for safekeeping" and he did not take "a written receipt therefor." Furthermore, the defendants filed affidavits of the manager of the Super 8 Motel in Stamford and an operations director with Super 8 Management East, Inc., indicating that the required notice of General Statutes § 44-1 was posted in the plaintiff's room.
The plaintiff does not provide this court with any "evidentiary foundation to demonstrate the existence of any genuine issue of material fact." Gupta v. New Britain GeneralHospital, supra, 239 Conn. 582. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pionv. Southern New England Telephone, 44 Conn. App. 657, 663,691 A.2d 1107 (1997). The plaintiff merely provides his own counteraffidavit indicating that he did not see any notice posted in his room. However, a party's conclusory statement, "in the affidavit and elsewhere," may not "constitute evidence sufficient CT Page 4740 to establish the existence of disputed material facts." Gupta v.New Britain General Hospital, supra, 239 Conn. 583.
Since the defendants are protected from liability pursuant to General Statutes § 44-1 and there is no genuine issue as to any material fact, the defendants' motion for summary judgment is hereby granted.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of April, 1999.
WILLIAM BURKE LEWIS, JUDGE