[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action against Heritage at Vernon Limited Partnership (HVLP) and five individuals, Arthur I. Meyer, Theodore Jabara, Roy Y. Nakagawa, Daniel M. Ross, and Monroe Seifer.
In its complaint, the plaintiff alleges that it was retained by the individual defendants to provide legal services in connection with their capacity as limited partners of the Northeast Heritage Limited Partnership. The plaintiff alleges that it has performed such services, CT Page 14012 that its representation of those individuals continues but is nearing completion, and that each of them owes to the plaintiff legal fees which have not been paid despite demand by the plaintiff to do so.
In the first count of the complaint the plaintiff alleges that HVLP is holding money on behalf of the individual defendants, which is sufficient to compensate the plaintiff and seeks a judgment of interpleader requesting the court to determine the claims of the plaintiff and the individual defendants as to the funds being held by HVLP. On January 31, 2000 the court ordered that HVLP deposit such funds with the Clerk of the Court to be held pending the resolution of the claims of the parties. The remaining counts of the complaint allege breach of contract and quantum meruit as against the individual defendants.
The individual defendants with the exception of Roy Y. Nakagawa, have moved for summary judgment on the ground that the plaintiffs claim for legal fees is barred by the statute of limitations. In support of the motion for summary judgment the defendants have submitted the affidavit of the defendant Meyer along with correspondence between the defendant Meyer and Attorney Raymond Garcia. The defendants have also submitted a copy of a Motion for Leave to Withdraw in which representatives of the plaintiff seek to withdraw their appearance for Arthur Meyer in a case entitled Kathy Anderson v. Michael Belfonti in the United States District Court.
In opposition, the plaintiff claims that material questions of fact exist and that the individual defendants are not entitled to judgment as a matter of law. Specifically, the plaintiff asserts that the individual defendants expressly agreed on when the plaintiff could assert claims against the individual defendants and that a continuing relationship existed between the parties. In addition, the plaintiff argues that the doctrine of equitable estoppel and waiver apply to bar any statute of limitations defense. The plaintiff has submitted the affidavit of Raymond Garcia, along with the retainer agreement among the parties, and other documents including a letter from the defendant Meyer to Attorney John Gorman dated November 2, 1992.
It is axiomatic that in ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues do exist. Nolan v. Borkowski,206 Conn. 495, 500 (1998). "A material fact has been defined . . . as a fact which will make a difference in the result of the case." United Oil Co.v. Urban Development Commission, 158 Conn. 364, 379 (1969). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations are not in dispute. Burns v. Hartford Hospital, 192 Conn. 451, 452 (1984). CT Page 14013
It is the claim of the moving defendants, that the plaintiffs claims against them are barred by Conn. Gen. Stat. § 52-576, which requires that an action for breach of a written contract, or on an implied contract, be brought within six years after the right of action accrues.
Initially, as to the defendants Jabara, Ross and Seifer, it is the opinion of the court that the motion for summary judgment cannot be granted because there exits a question of fact as to whether the defendant Meyer was acting on behalf of those individuals when he sought to terminate the attorney-client relationship with the plaintiff. While Meyer did state in his affidavit that he was acting on behalf of the "Meyer Group", the affidavit of Raymond Garcia indicates that he was not aware of any written agreement authorizing Meyer to act as agent for any group of limited partners. None of the documentation submitted by the defendants relates to individuals other than Arthur Meyer.
As to the defendant Arthur Meyer, it is also the opinion of the court that this case is not one of which is appropriate for summary judgment. It does appear that the attorney client relationship ended by mutual agreement by virtue of Attorney Garcia's letter of January 6, 1992, or at the latest when his motion to withdraw his appearance for Meyer in Anderson v. Belfonti was granted on February 13, 1992. However, it also appears that the plaintiff continued to represent other limited partners whose interests coincides with that of Arthur Meyer. Thus this is not the usual situation where an attorney-client relationship ends and the attorney performs no further services which could inure to the benefit of the client.
The plaintiff points to a letter dated November 2, 1992 in which Meyer states to Attorney John Gorman:
 "If he continues to pursue this case against the bank on behalf of the limited partners whatever benefit is achieved we of course will be the beneficiaries of and feel it reasonable to pay our prorated share of any fees awarded"
The plaintiff also cites a portion of the retainer agreement which states:
 "By signing this letter you will be authorizing us to deduct from funds we receive for you, any unpaid fees and costs outstanding when the funds are received."
The funds which are the subject of this interpleader action are funds CT Page 14014 which have been received for the limited partners, which are the defendants in this case. The plaintiff claims that it was the intent of the parties, that the above provision concerning the payment of fees would survive the termination of the attorney-client relationship.
Summary judgment is inappropriate where issues of intent are in dispute. Picataggio v. Romeo, 36 Conn. App. 791, 794 (1995). Summary judgment is also inappropriate where the issues become complex and require the full exploration of trial. United Oil Co. v. UrbanDevelopment Commission, supra 158 Conn. at 375.
This case involves factual issues relating to the intent of the parties as to the payment of attorney's fees even after the termination of their relationship, given the fact that the plaintiff continued representing other limited partners and arguably performed services which benefitted [benefited] these defendants.
In the court's view the claims of the parties should be flushed out at trial rather than adjudicated summarily. The motion for summary judgment is therefore denied.
Bruce W. Thomps, Judge