JOSEPH PICATAGGIO ET AL. *v.* VINCENT ROMEO ET AL.
(13116)

O'CONNELL, LAVERY and LANDAU, Js.

Submitted on briefs December 9, 1994—decision released February 14, 1995

*Dannel P. Malloy* filed a brief for the appellants (defendants).

*Geoffrey S. Brandner* and *John Ponzini* filed a brief for the appellees (plaintiffs).

O'CONNELL, J. This is a fraudulent conveyance action in which the defendants appeal from the granting of summary judgment in favor of the plaintiffs. The dispositive issue is whether the trial court properly decided that no genuine issue of material fact existed.[1] We reverse the judgment of the trial court.

The following facts are necessary for a disposition of this appeal. In late 1984 or early 1985, the plaintiffs became creditors of the defendant Vincent Romeo because of defective masonry work he had done on a stone wall on the plaintiffs' property. On October 24, 1990, the plaintiffs obtained a judgment against the defendant Vincent Romeo based on this defective work.

In the interim, on June 20, 1985, the defendant Vincent Romeo conveyed his interest in the subject real property to his wife, the defendant Maria Romeo. The sole consideration for this conveyance was "love and affection." The defendants admit that the reason for

---

[1] The defendants also raised the following issues: (1) "Whether the transfer of real property from the defendant-appellant, Vincent Romeo, to the defendant-appellant, Maria Romeo, was fraudulent?" (2) "Whether there is sufficient evidence to find that the transfer of real property from the defendant-appellant, Vincent Romeo, to the defendant-appellant, Maria Romeo, was made with the intent to defraud creditors?"

the conveyance was that the defendants' son was involved in an automobile accident while operating an uninsured motor vehicle owned by the defendant Vincent Romeo.

The plaintiffs brought the present action pursuant to General Statutes (Rev. to 1991) § 52-552,[2] alleging that the June 20, 1985 conveyance from the defendant Vincent Romeo to his wife Maria Romeo was fraudulent. The defendants filed a special defense claiming that the transfer was made without intent to defraud creditors. Both parties filed motions for summary judgment with supporting affidavits. The affidavit of each defendant states that the June 20, 1985 conveyance was not made with intent to defraud creditors.[3]

A summary judgment may be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Town Bank & Trust* v. *Benson*, 176 Conn. 304, 306, 407 A.2d 971 (1978); see Practice Book § 384.[4] A material fact is one "which will make a difference in the result of the case." *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 379, 260 A.2d 596 (1969). The controlling issue in the present case is whether the parties intended to defraud their creditors.

"Whether the conveyance in question was fraudulent is purely a question of fact. . . . Fraudulent intent

[2] General Statutes (Rev. to 1991) § 52-552 was repealed shortly after this action was commenced and replaced by the Uniform Fraudulent Transfer Act. General Statutes §§ 52-552a through 52-552k.

[3] The defendant Vincent Romeo attached copies of income tax returns and a balance sheet purporting to show that he was not judgment proof.

[4] Practice Book § 384 provides as follows: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

must be proved, if at all, by clear, precise and unequivocal evidence. . . .'' (Citations omitted; internal quotation marks omitted.) *Tyers* v. *Coma*, 214 Conn. 8, 11, 570 A.2d 186 (1990).

A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment. *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 111, 639 A.2d 507 (1994).

''The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact, but rather to determine whether any such issues exist.'' *Telesco* v. *Telesco,* 187 Conn. 715, 718, 447 A.2d 752 (1982). Here, the trial court properly identified intent as a genuine issue of material fact, but it should not have proceeded to decide that issue. ''The resolution of genuinely disputed issues must be left to later determination after a full hearing.'' Id.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.