[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling on Defendants' July 25, 1996, Motion for Summary Judgment
Defendants' Motion for Summary Judgment dated July 25, 1996, is denied except as to the First Count, as to which it is granted by agreement. Viewing the allegations in the complaint in a light most favorable to plaintiff, genuine issues of material fact exist as to the Second, Third, Fourth and Fifth Counts. Practice Book Section 379 et seq.
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v Avitabile,32 Conn. App. 765, 772 (1993). The court is "confined to an examination of the pleadings and affidavits to determine whether they show that there is no genuine issue as to any material fact and that the defendants [are] entitled to judgment as a matter of law." Yanow v. Teal Industries, Inc., 178 Conn. 262, 269 (1979). "There are situations . . . which do not lend themselves to summary disposition. It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Nolan v.Borkowski, 206 Conn. 495 (1988). (Citations omitted). In deciding CT Page 9016 a motion for summary judgment, "the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts."(Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06 (1994). In this case, the allegations set out in the amended complaint involve a detailed course of conduct which occurred over approximately seven years between 1987 and 1994, and a variety of complex institutional relationships and events.
The Second Count of the amended complaint alleges that plaintiff's discharge violated the implied covenant of good faith and fair dealing. Magnan v. Anaconda Industries, Inc., 193 Conn. 558
(1984). The Fourth Count alleges a wrongful discharge. Sheetsv. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980). Both of these counts require proof that plaintiff was terminated in violation of an important public policy. Viewing the facts in a light most favorable to plaintiff, in the light of all of the supporting documentation submitted by both sides, a genuine issue of material fact exists on the issue of whether plaintiff was terminated for retaliatory reasons or not. The court must exercise caution "in granting summary judgment where an employer's intent is genuinely in issue." Tomka v. Seiler Corp.,66 F.3d 1295, 1309-10 (2d Cir. 1995). See also Picataggio v.Romeo, 36 Conn. App. 791, 794 (1995). Proof of improper motive in a retaliatory discharge case is frequently of a circumstantial nature. Spagnolo v. Macristy Industries, Inc., 1993 WL 452243
(Conn. Superior Ct. October 1, 1993). Viewing the allegations most favorably to plaintiff in light of the full record, a genuine issue of material facts exists as to whether the termination contravened public policy. See attachments to plaintiff's August 28, 1996, Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, including but not limited to Exhibit A, deposition excerpt of Guilliaem Aertsen; Exhibit B, Initial Decision of Chief Administrative Law Judge Brenda A. Murray before the Securities and Exchange Commission In The Matter of Bank of Boston Corp. dated Dec. 22, 1995; Exhibit C, deposition of R. Nelson Griebel; Exhibit D, deposition of Joseph P. Wolnick; and other attachments. Viewed in a light most favorable to plaintiff, an important public policy is involved concerning the accuracy of information being maintained by banks — pertaining to troubled loans, loss reserves, classification of loans and related matters — as it relates to the public, shareholders and government regulators. CT Page 9017
The Third Count raises a close question. The Third Count either alleges intentional infliction of emotional distress or negligent infliction of emotional distress. Viewing the full the record in light most favorable to plaintiff and drawing all reasonable inferences in his favor, there appears to be no direct 11 evidence that defendants acted with an intent to inflict emotional distress, Peytan v. Ellis, 200 Conn. 243, 253 (1986), a prerequisite to a claim for intentional infliction of emotional distress. See also Montineri v. SNET, 175 Conn. 337, 344 45 (1978). A claim for negligent infliction of emotional distress requires a showing that an employer acted unreasonably when terminating an employee. See, e.g., Morris v. Hartford Courant Co.,200 Conn. 676, 681-82 (1986). Based on the present record, there also appears to be no direct evidence which would support such an assertion. However, direct evidence is often unavailable in support of such allegations which involve subtle evaluations of improper motive or intent and the drawing of inferences from established conduct. See, e.g., Tomka v. Seiler Corp., 66 F.3d 1295,1309-10 (2d Cir. 1995). In short, the absence of a "smoking gun" in the present record does not require that the motion be granted as to the Third Count. Notwithstanding the apparent lack of direct evidence in the present record which would support a claim for intentional or negligent infliction of emotional distress, I conclude that a jury must personally evaluate the evidence in its full context, and must personally assess the credibility of the witnesses, to properly resolve this claim. The motion for summary judgment is therefore denied as to the Third Count.
The Fifth Count alleges a violation of Connecticut General Statutes Section 31-51q. Given the broad language of that statute, viewing the allegations in a light most favorable to plaintiff, genuine issues of material fact exist as to this count as well. See, e.g., Urashka v. Griffin Hospital, 841 F. Sup. 468,474 (D. Conn. 1994); Bakelman v. Paramount Cards, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 93-0457940 (June 1, 1994). A genuine issue of material facts exists as to whether the speech involved was "a matter of public concern." Id. at 474. See also Daley v. Aetna Life Casualty, 1994 WL 422642 (Conn. Superior Ct. August 3, 1994).
Douglas S. Lavine Judge, Superior Court CT Page 9018