[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 113
The plaintiff, Veronica Berrill, brought this defamation action against the defendants, Neil and Kathleen Houde, arising out of oral and written statements published by the Houdes regarding Berrill's participation in the "Safe Zones" program at Brookfield High School. The plaintiff alleges six causes of action sounding in libel per se (two counts), slander per se, CT Page 5880 intentional infliction of emotional distress, false light invasion of privacy, and a derivative claim for loss of consortium on behalf of her deceased husband. The Houdes have moved for summary judgment (motion 113) on all six counts, claiming that there are no material facts in dispute and that they are entitled to judgment as a matter of law.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-06,679 A.2d 945 (1996). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202-03, 663 A.2d 1001 (1995).
The defendants have not met their burden of demonstrating the absence of a dispute as to any material facts. In support of their motion, the defendants submit a variety of material, the bulk of which is not admissible evidence and, therefore, cannot be considered by the court. See Home Insurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202-03. The only admissible evidence presented by the defendants consists of two nearly identical affidavits of the defendants themselves. These affidavits, however, rather than demonstrating the nonexistence of a factual dispute, serve to highlight one of the highly contested issues in this case as to the defendants' intent in publishing the allegedly defamatory statements — whether the defendants knew of the falsity of their statements or made the statements with reckless disregard of their falsity.
In her amended complaint, dated June 12, 1996, the plaintiff alleges, inter alia, that the defendants acted with malice in that they published the statements "with actual knowledge of [their] falsity or with reckless disregard as to [their] truth or CT Page 5881 falsity." In an action for defamation, a public official must prove by clear and convincing evidence that the falsehood was published with "actual malice." Kelley v. Bonney,221 Conn. 549, 580, 606 A.2d 693 (1992), citing New York Times Co. v.Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686
(1964). Actual malice is defined as "with knowledge that [the statement] was false or with reckless disregard of whether it was false or not." (Internal quotation marks omitted.) Kelley v.Bonney, supra. Our Supreme Court has held that a public school teacher is a public official for the purposes of a defamation action. Id., 581.
The affidavits submitted by the defendants in the present case contain statements disputing the plaintiff's allegation that the defendants acted with malice in that they published the statements with actual knowledge of their falsity or with reckless disregard as to their truth or falsity. Defendant, Kathleen Houde, states in her affidavit, "Any written or oral statements about the pink triangle program or Mrs. Berrill's participation in that program were made without malice and to the best of my knowledge and belief and were based, in part, on conversations with my daughter . . . who was a student of Plaintiff's, and from statements and information received from Brookfield school officials." In his affidavit, defendant, Neil Houde, makes similar statements, adding only that he also had a conversation with another of the plaintiff's students. It is clear from these statements, that rather than demonstrating the absence of a dispute as to the defendants' intent, the defendants directly refute the plaintiff's allegations. In light of this dispute, the defendants have not met their initial burden and that summary judgment cannot enter in their favor.
Moreover, even if this court were to determine that the defendants had met their burden of demonstrating the absence of a material factual dispute, the plaintiff has adequately countered the defendants' motion with evidence in the form of an affidavit demonstrating the existence of a genuine issue. The plaintiff's affidavit in opposition to summary judgment indicates that prior to the defendants' publication of the allegedly defamatory statements, the plaintiff met with Kathleen Houde at the latter's request, and repeated to her exactly what the plaintiff had said to her class on the day in question and explained the genesis of and reasons for the "Safe Zones" program. The plaintiff then states that each of the statements made by the defendants concerning the plaintiff, as enumerated in the affidavit as (a) CT Page 5882 through (n), are false and contrary to facts available or known to the defendants. The plaintiff's affidavit sufficiently raises a genuine issue as to the defendants' intent in making the allegedly defamatory statements, in that the affidavit suggests that the defendants may have known of the falsity of their statements or may have recklessly disregarded the falsity of those statements.
The issue of the defendants' intent is material to all six counts of the complaint. See, e.g., New York Times Co. v.Sullivan, supra, 376 U.S. 279-80 (showing of actual malice required for defamation action against public official); Kelleyv. Bonney, supra, 221 Conn. 580-81 (same — a public school teacher is a public official for purposes of a defamation action); DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 267
n. 25, 597 A.2d 807 (1991) (showing of intent and actual malice required for intentional infliction of emotional distress action based upon defamation of public figure); Goodrich v. WaterburyRepublican-American, Inc., 188 Conn. 107, 129-31, 448 A.2d 1317
(1982) (showing of actual malice required for false light action against public figure); Blanchette v. Barrett, 229 Conn. 256,258 n. 2, 260, 640 A.2d 74 (1994) (claim for loss of consortium is derivative of plaintiff's other causes of action). Such a dispute regarding the defendants' intent mandates that summary judgment be denied. Moreover, the issue of intent is inherently a question of fact for the jury and is, especially when contested by competent evidence raising a question of fact, particularly inappropriate for consideration at summary judgment. Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 809,675 A.2d 1340 (1996); Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 250, 618 A.2d 506 (1992); Picataggio v. Romeo,36 Conn. App. 791, 794, 654 A.2d 382 (1995).
The defendants' motion for summary judgment is denied.
Stodolink, J.