[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT EASTLAN INVESTMENT CORPORATION'SMOTION FOR SUMMARY JUDGMENT (#172)
1. Factual and Procedural History
On February 27, 1998, the defendant Eastlan Investment Corporation filed its motion for summary judgment and a memorandum in support of the motion. In support of its motion, Eastlan attached an affidavit of its president. Eastlan seeks a judgment as a matter of law that its mortgage has priority over a judgment lien which the plaintiff in the matter seeks to foreclose. On March 20, 1998, the plaintiff, National Loan Investors. L.P., filed a memorandum in opposition to Eastlan's motion wherein the plaintiff argued that factual issues precluded summary judgment. In support of its opposition, the plaintiff submitted supporting documentation, including deposition testimony of the defendant-debtor Clark. On March 23, 1998, this court heard oral argument.
II. Summary Judgment, Legal Standard
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that CT Page 4413 there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554 ___ A.2d ___ (1998).
III. Discussion
Eastlan argues that "[t]here is no question but that based on the recording of documents Eastlan has priority over the [j]udgment [l]ien" because the mortgage assigned to Eastlan is dated December 7, 1987, whereas the judgment lien at issue in the present case bears an August 6, 1992 date.[1] The plaintiff argues that its claim of priority, as alleged in the operative complaint, is that Eastlan's mortgage "is inferior in right to the interest of the plaintiff" because the defendant failed to demonstrate that the transfer to Eastlan was a "legitimate transfer through mortgage." The gravamen of the plaintiff's assertion is that the defendants engaged in intentional fraudulent conduct.
The defendant supports its motion for summary judgment with an affidavit of the President of Eastlan wherein he denies the allegations of the plaintiff's complaint and further avers that the allegations "are totally baseless and without merit." Averments contained in an affidavit that are merely denials of the allegations in a complaint, however, "are an insufficient basis for the rendition of summary judgment." Gambardella v.Kaoud, 38 Conn. App. 355, 360, 660 A.2d 877 (1995). Additionally, as a general rule "[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, 36 Conn. App. 791, 794,654 A.2d 382 (1995).
The party moving for summary judgment "must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . . ." (Internal quotation marks omitted.) Miller v.United Technologies, Corp., 233 Conn. 732, 751-52, 660 A.2d 810
CT Page 4414 (1995). The submissions of the parties in the present case fail to exclude any real doubt as to the material facts in dispute in the present case.
IV. Conclusion
Accordingly, the defendant Eastlan's motion for summary judgment is denied.
Handy, J.