[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT OF THE PLAINTIFF (#131) AND DEFENDANT (#136)
 I. FACTUAL AND PROCEDURAL HISTORY
This action arises out of a 1988 mortgage transaction between the defendant Bristol Savings Bank, now Webster Bank (Webster), and Acquisitions Un-Ltd.[1] The defendant, Robert M. Levin (Levin), Michael Dworetsky (Dworetsky), and the defendant Robert H. Weinstein (Weinstein), were guarantors on the note. On September 20, 1989, when Levin separated from Acquisitions Un-Ltd, Dworetsky and Weinstein executed "Hold Harmless and Indemnification" agreements by which they assumed Levin's obligation on the guaranty and agreed to hold him harmless from any liability arising out of the guaranty. In December, 1994, Dworetsky, who also left Acquisitions Un-Ltd, negotiated a written release of liability from Webster as to his obligations on the note and guaranty in exchange for the payment of $38,700. CT Page 8367 On June 10, 1997, Webster brought this action against Levin as a guarantor on the note when Acquisitions Un-Ltd defaulted on its scheduled installment payments. Thereupon, Levin filed a third party complaint against Dworetsky for indemnification based on their 1989 agreement. Dworetsky then filed a cross-complaint against Webster. Webster moved for summary judgment against Levin, and Levin cross-moved for summary judgment against Webster. Both motions were accompanied by memoranda of law and documentary exhibits. Levin filed a memorandum of law in opposition to Webster's motion for summary judgment. Webster and Levin filed supplemental memoranda of law in opposition to the other's motion for summary judgment, and in support of their own motions for summary judgment. On May 4, 1998, and May 14, 1998. Webster and Levin submitted supplemental memoranda on a uniform Commercial Code issue as requested by the court. On May 20, 1998, Dworetsky filed an objection to Webster's motion for summary judgment with an accompanying memorandum of law and supporting affidavit. For the reasons that follow, both motions must be denied.
 II. STANDARD FOR SUMMARY JUDGMENT
"[S]ummary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. . . ." (Citation omitted; internal quotation marks omitted.) Mac's Car City, Inc. v. American National Bank,205 Conn. 255, 261, 532 A.2d 1302 (1987). "[S]ummary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is appropriate only if a fair and reasonable person could conclude only one way." (Citation omitted; internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. [A] directed verdict may be rendered only where, on the evidenceviewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citation omitted; emphasis in the original.) Id., 751-52. The movant has the burden of demonstrating the absence of any genuine issue of material fact. CT Page 8368Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996). "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111,639 A.2d 507 (1994). See also Picataggio v. Romeo, 36 Conn. App. 791, 794,654 A.2d 382 (1995) ("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment"). "[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 250, 618 A.2d 506 (1992).
 III. DISCUSSION
The third-party defendant Dworetsky filed an objection to Webster's motion for summary judgment. The threshold issue is whether the facts and evidence submitted present a genuine issue of material fact concerning the parties' intent as to the scope of the release in question.
Dworetsky states that the release from his obligation on the guaranty was intended to be a complete release of all obligations thereon, which would include Levin's obligation, as well. Otherwise, Dworetsky argues, he would continue to be obligated on the guaranty pursuant to the indemnification agreement he gave to Levin, and the release he bargained for would be illusory.
Webster argues that it did not intend that, in releasing Dworetsky from his obligation on the guaranty, Levin would also be released. The issue of intent, therefore, is raised as to the agreement of release Dworetsky and Webster effected.
Our Supreme Court has held, when considering the effect of a general release for personal injuries, that the identity of the persons actually released from liability depends upon the intent of the parties to the release agreement. See Donner v. Kearse,234 Conn. 660, 674, 662 A.2d 1269 (1995). "[T]he contracting parties' intent, not the operation of a legal rule, determines the scope of a release . . . . [T]his approach provides for consideration of extrinsic evidence of the parties' actual intent and does not confine interpretation of the release to its four corners." Sims v. Honda Motor Co., 225 Conn. 401, 413, CT Page 8369623 A.2d 995 (1993).
"A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words . . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . [A]ny ambiguity in a contract must emanate from the language used in the contract. . . ." (Citations omitted; internal quotation marks omitted.) Pesino v. Atlantic Bank of New York, 244 Conn. 85,91-92, ___ A.2d ___ (1998). "It is a fundamental principle of contract law that the existence and terms of a contract are to be determined from the intent of the parties. . . . The parties' intentions manifested by their acts and words are essential to the court's determination of whether a contract was entered into and what its terms were." Suffield Dev. Assoc. Ltd. v. Societyfor Savings, 243 Conn. 832, 847, ___ A.2d ___ (1998).
In the present case, the language of the release is ambiguous, boilerplate, and couched in general terms. It is not possible to ascertain the intent of the parties as to the scope of the release by a fair and reasonable construction of the plain words of the release. Whether the parties intended that the release of Dworetsky from his obligation on the guaranty would likewise serve to release Levin from his obligation on the guaranty is inappropriate for summary judgment. The scope of the Dworetsky release and whether it operated to release Levin from liability under the guaranty, therefore, are questions to be resolved by the trier of fact. Other issues presented by the parties are premature to a resolution of the matter of intent. Accordingly, neither party has sufficiently demonstrated the nonexistence of a genuine issue of material fact, and neither is entitled to judgment as a matter of law.
 CONCLUSION
Based on the foregoing, the cross-motions for summary judgment of the plaintiff and defendant Levin are denied.
Teller, J.