[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, Futuris Networks Inc. brought this action against the defendant, SED International, seeking, inter alia, a temporary and permanent injunction and money damages. Claiming that the defendant sent unsolicited advertisements to the plaintiff via facsimile and did not stop despite its requests, the plaintiff alleges that the defendant's conduct "constitutes multiple violations of Title 47, Section 227 of the United States Code . . . [and] Connecticut General Statutes Section52-570c."
The plaintiff filed a motion for summary judgment on the CT Page 1689 grounds that "there is no genuine issue of material fact in the complaint." The defendant filed an objection to the summary judgment motion, arguing that "there are numerous genuine issues of material fact concerning the plaintiff's claims."
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 17-49 (formerly 384).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services. Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
"The movant has the burden of demonstrating the absence of any genuine issue of material fact. . . . [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp. , supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 567 A.2d 829 (1969), see also Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucci v.CT Page 1690Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
In this case, the plaintiff, Futuris Networks, Inc., has not met its burden of proving that there is no genuine issue of material fact which should be decided by the trier of fact. Questions of fact include, inter alia: (1) whether Futuris solicited the faxes; (2) whether Technology Solutions International, Inc. ("TSI") was an agent of the defendant, SED International ("SED"); (3) whether SED can be held responsible for the conduct of TSI; and (4) whether the faxes were sent wilfully.
Since there are genuine issues of material fact the plaintiff's motion for summary judgment is denied and the defendant's objection thereto is sustained.
So Ordered.
______________________ D'ANDREA, J.