[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #103
The plaintiff, Richard A Mauzy, Jr., has brought this action against the defendant, Trisha Robinson, alleging the intentional infliction of emotional distress. The plaintiff alleges in her complaint that the defendant maliciously made false accusations against him which resulted in him being arrested by the Branford Police. Specifically, the plaintiff alleges that the defendant accused him of harassing her, visiting her place of employment and stating that "she'll talk with me when she hears from my attorney, t' and that the plaintiff had repeatedly and on numerous occasions called her house in the early morning hours.
The defendant has now moved for summary judgment on the basis that the facts as presented through an affidavit of the defendant dated November 30, 1999 and a partial deposition transcript of the plaintiff along with certain police reports establish that the plaintiff cannot prevail on a theory of intentional infliction of emotional distress. The plaintiff has objected to the defendant's motion and submitted the entire transcript of the plaintiffs deposition. The affidavit of the defendant along with the deposition transcript of the plaintiff relate to an action filed in the United States District Court in which summary judgment was granted in favor of the defendant. CT Page 15941-iu
It is the defendant's claim that the plaintiff cannot establish any of the requisite elements necessary to prove a cause of action sounding in the intentional infliction of emotional distress. Those elements that must be proven are the following:
1. The actor intended to inflict emotions distress;
2. that the conduct was extreme and outrageous;
3. that the defendant's conduct was the cause of the plaintiffs distress; and,
4. that the emotional distress sustained by the plaintiff was severe.
Peyton v. Ellis, 200 Conn. 243, 253 (1986).
The defendant first claims that the plaintiff cannot establish that she intended to cause him emotional distress. Assuming that the plaintiff were to establish that the defendant made false complaints to the Branford Police, what her intent was in doing so would be a question of fact. Generally speaking, questions of intent raise issues of fact which cannot be decided on a motion for summary judgment. Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111 (1994); Picataggio v. Romeo,36 Conn. App. 791, 794 (1995).
The defendant also claims that her conduct was neither extreme nor outrageous. The Restatement (Second) of torts set forth the type of conduct which would give rise to liability for the intentional inflictions of emotional distress. Section 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965).
At oral argument the defendant did not claim that causing a person to be arrested by making false complaints was not the kind of extreme or outrageous conduct that could give rise to liability. It was the claim of the defendant that the documents submitted in support of her motion established that the defendant was simply truthfully relating the events in question to the police and that it was their decision to seek an arrest warrant for the plaintiff. See Clark v. Ferris, 1994 W2 33400 (Conn.Super. 1994) (Dean, J.).
The court agrees with the defendant that if her conduct was that which she claims, it would not rise to the necessary level to be considered extreme and outrageous. A review of all of the documents submitted by CT Page 15941-iv both parties however, appears to raise an issue of fact in that regard. In his deposition the plaintiff testified that the plaintiff accused him of doing things that he did not do.
It is axiomatic that in deciding a motion for summary judgment the court cannot resolve issues of fact but can only determine whether such an issue exists. Nolan v. Borkowski, 206 Conn. 495, 500 (1998).
Finally, the defendant claims that there is no evidence that the plaintiff suffered serious emotional distress. That too, is an issue of fact which must be proven by the plaintiff but cannot be resolved on a motion for summary judgment.
For the above reasons the defendant's motion for summary judgment is denied.
Thompson, J.