[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
This case arises out of the plaintiff, Ekaterina Papadopoulos' writing a bad check in payment for legal services provided by the defendant, attorney Ernest Josem. The plaintiff has filed a three count complaint against the defendant alleging negligence, malicious prosecution, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The defendant filed a motion for summary judgment on the ground that there are no genuine issues of material fact between the parties and the defendant should prevail as a matter of law. The defendant filed a memorandum along with excerpts of uncertified deposition testimony and other documents in support of his motion. In response, the plaintiff filed a memorandum in opposition along with excerpts from the certified deposition transcripts of Captain John J. Suchy and Ernest Josem.
The undisputed facts of the case are as follows. At all relevant times, the defendant was an attorney licensed to practice in the state of Connecticut. On or about December 14, 1994, the plaintiff issued a check to the defendant in the amount of $1515 as payment for legal services and expenses he provided to her in association with her purchase of a home. CT Page 525 Soon thereafter, the bank on which the check was drawn dishonored the check due to insufficient funds. Consequently, the defendant sent a notification and demand for payment letter to the plaintiff regarding the dishonored check. On or about April 11, 1995, the defendant executed an arrest warrant application regarding the dishonored check pursuant to General Statutes § 53a-128.[1] On or about May 10, 1995, the plaintiff's husband paid the defendant $1515 on behalf of his wife in full restitution of the dishonored check.
The plaintiff alleges in her complaint that on or about January 13, 1999, pursuant to the arrest warrant, Norwalk police officers arrested the plaintiff at her home: they handcuffed her, led her past her neighbors to a police car, drove her to police headquarters, booked her, incarcerated her and took her to court, where she was released on a written promise to appear. The plaintiff further alleges that the defendant subsequently advised the Norwalk police department and the state's attorney office that the plaintiff had made restitution on the check and that as a result, the charges against the plaintiff were dismissed.
In the fast count, the plaintiff alleges that her arrest and incarceration were proximately caused by the negligence and carelessness of the defendant in that he failed to properly notify the Norwalk police department that full restitution had been made prior to the plaintiffs arrest in 1999. The plaintiff purports to have sustained various emotional and physical injuries and damages as a result of the arrest and incarceration. The second count realleges the acts in the first count and characterizes the defendant's acts as executed without probable cause and with malice. The third count realleges the acts in the first two counts and contends that said acts constitute an unfair and deceptive trade practice in violation of CUTPA.
The defendant filed an answer and special defenses. The defendant raised the following four special defenses: 1) the plaintiff's claims are barred by the statute of limitations; 2) the contributory negligence of the plaintiff bars her recovery and caused the damages claimed; 3) the plaintiff fails to state a cause of action recognizable under the law; and 4) the defendant was not the proximate cause of the damages alleged by the plaintiff.[2] The pleadings are closed.
A motion for summary judgment may be made after the pleadings are closed between the parties to that motion. Practice Book § 17-44. A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) MilesCT Page 526v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion; for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Boardof Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
As to the negligence count, the defendant moves for summary judgment on the ground that there is no genuine issue of material fact existing between the parties and that as a matter of law, the defendant should prevail. In support of his argument, the defendant asserts that there is no question as to the underlying facts leading to the arrest. The defendant argues that § 53a-128 places no duty on the defendant, as the payee, to report the payor's restitution payment to the authorities once the criminal process has been invoked. The defendant contends that since he had no duty, he cannot be found negligent. The defendant appends excerpts of Captain John Suchy's uncertified deposition testimony in support of his argument.
The plaintiff relies on the fiduciary relationship between an attorney and his client as the basis of the duty in this case. The plaintiff argues that the defendant should have anticipated that his failure to report restitution on the check was likely to result in the police eventually arresting her. The plaintiff, thus, concludes that the defendant's failure to report the restitution was a breach of his fiduciary duty. In support of her position, the plaintiff appends certified excerpts of depositions of the defendant and Captain Suchy.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 659 A.2d 153
(1994). It is well established that "an attorney-client relationship imposes a fiduciary duty on the attorney." Beverly Hills Concepts, Inc.v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 56, 717 A.2d 724
(1998). In this case, the defendant only provided uncertified deposition testimony to establish the absence of a duty.
This court has previously determined that "the court cannot consider the uncertified deposition testimony for the purposes of [a] motion for summary judgment because the transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book." (Internal quotation marks omitted.)Ricketts v. Sheresky, Superior CT Page 527 Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175446 (July 26, 2001, D'Andrea, J.); see also Hyman v. Garced, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153421 (November 9, 1998, D'Andrea, J.); Pishnov v. Lewis, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 123598 (June 20, 1995, D'Andrea). The court will not consider the uncertified deposition testimony provided by the defendant in deciding this motion: for summary judgment. Thus, the defendant, as movant in this case, has failed to meet his burden of showing the nonexistence of a genuine issue and the motion for summary judgment as to count one is denied.
With regard to the second count alleging malicious prosecution, the defendant argues that this count similarly fails to state a cause of action and the defendant had no duty to take affirmative steps to inform the authorities of the plaintiffs restitution for the bad check. Accordingly, the: defendant concludes that the issue of whether he acted with malice, bad faith or any other state of mind is irrelevant and immaterial to this particular cause of action. The plaintiff addresses the defendant's argument by asserting that the defendant owed her a fiduciary duty pursuant to their relationship as attorney and client.
The court notes that "[a]n action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice primarily for a purpose other than that of bringing an offender to justice." McHale v. W.B.S. Corp., 187 Conn. 444,447, 446 A.2d 815 (1982). A cause of action for malicious prosecution requires an inquiry into whether there was a malicious intent to the defendant's actions. "[S]ummary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 111, 693 A.2d 507 (1994); see also Picataggio v. Romeo,36 Conn. App. 791, 794, 654 A.2d 382 (1995) ("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment"). Here, the defendant has not shown that there is no genuine issue of material fact as to whether he acted with malice and thus, it would be premature to grant summary judgment as a matter of law.
Count three of the plaintiff's complaint asserts a violation of General Statutes § 42-110b et seq. "Section 42-110b (a) [of the Connecticut Unfair Trade Practices Act] provides that [n]o person shall engage in CT Page 528 unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Moreover, [the Connecticut Supreme Court] has set forth a three part test for satisfying the substantial injury criterion: [1] [the injury] must be substantial; [2] it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and [3] it must be an injury that consumers themselves could not reasonably have avoided. . . ." (Citations omitted; internal quotation marks omitted.)Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334,367-68, 736 A.2d 824 (1999).
The defendant offers no evidence to refute the allegations in the plaintiffs complaint that the defendant's "conduct constituted an unfair and deceptive trade practice in the conduct of the defendant's business as an attorney . . . in that it was immoral, unethical, unscrupulous and offended the public policy of the state of Connecticut." (Complaint, Third Count, ¶ 11). This court finds that the defendant has not established the absence of any genuine issues of material facts that CUTPA was violated. Accordingly, the defendant's motion for summary judgment as to count three of the plaintiff's complaint is denied.
In summary, the defendant's motion for summary judgment as to the three counts of the plaintiff's complaint is denied.
So Ordered.
D'ANDREA, J.T.R.