[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kevin Brown, a former employee of the defendant, The New CT Page 6804 London Day (The Day), filed a single count complaint alleging that The Day is in violation of General Statutes § 31-51q[1] for discharging him on account of his exercise of certain constitutional rights. Brown alleges that he was fired from The Day after participating in a homicide investigation that focused on another employee of The Day. The Day filed a motion for summary judgment with a supporting memorandum on November 29, 2001, arguing that there is no genuine issue of material fact because Brown cannot establish the elements of a claim under § 31-51q. Brown filed a timely memorandum in opposition to the motion for summary judgment on January 24, 2002.
 DISCUSSION
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Appleton v. Boardof Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111,639 A.2d 507 (1994); see also Picataggio v. Romeo, 36 Conn. App. 791,794, 654 A.2d 382 (1995) ("A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment.").
The Day argues that there is no genuine issue of material fact and the motion for summary judgment should be granted as a matter of law. According to The Day, Brown cannot, as a matter of law, establish his claim under § 31-51q because his speech was not motivated by his desire to speak as a public citizen. The Day also argues that, pursuant to § 31-51q, the court should issue a determination that Brown brought his claim without substantial justification which enables The Day to file a motion for attorney's fees and costs related to defending this matter. The Day has submitted the certified transcript of Brown's deposition in support of the motion for summary judgment.
Brown argues that the motion for summary judgment should be denied because there is a genuine issue of material fact as to his motivation for discussing the homicide investigation with the police. Specifically, CT Page 6805 Brown argues that he has established in his deposition testimony that he was motivated by a desire to speak as a public citizen, therefore, his speech falls under the protection of § 31-51q. Brown additionally submits his affidavit as further support.
It is well established in Connecticut law that § 31-51q protects employees who make statements which constitute a matter of public concern. "Section 31-51q protects an employee from retaliatory discharge due to that employee's exercise of certain enumerated rights, including, inter alia, the right to freedom of expression as guaranteed by thefirst amendment to the United States constitution, and article first, § 4, of the Connecticut constitution. . . . Those constitutional provisions safeguard statements made by an employee that address a matter of public concern, but provide no security with respect to statements that address wholly personal matters." (Citations omitted.) Daley v. Aetna Life Casualty Co., 249 Conn. 766, 778, 734 A.2d 112 (1999); see also Cotto v.United Technologies Corp., 251 Conn. 1, 17, 738 A.2d 623 (1999).
Our Supreme Court has held that speech that does not constitute a matter of public concern is not protected under § 30-51q. "[I]f it is determined that an employee spoke not as a citizen upon matters of public concern, but instead as an employee spoke not of personal interest, the statement is not protected, and courts generally will not second guess the propriety of a personnel decision made by an employer allegedly in reaction to the employee's behavior." (Internal quotation marks omitted.)Daley v. Aetna Life Casualty Co., supra, 249 Conn. 781. The decision to exclude statements of personal interest is based on the premise that "internal employment policies are not a matter of public concern." Id., 783.
The Supreme Court has held that there are some limitations as to what may be deemed protected speech pursuant to § 31-51q. "As a statutory matter, a statute that protects constitutional rights in the workplace should not be construed so as to transform every dispute about working conditions into a constitutional question. . . . The statute applies only to expressions regarding public concerns that are motivated by an employee's desire to speak out as a citizen." Cotto v. UnitedTechnologies Corp., supra, 251 Conn. 17. Additionally, "[t]o be protected by the first amendment, the speech must be on a matter of public concern, and the employee's interest in expressing [himself] on this matter must not be outweighed by any injury the speech could cause to employee relationships." (Internal quotation marks omitted.) Emerick v.Kuhn, 52 Conn. App. 724, 743, 737 A.2d 456 (1999).
The Day presents Brown's deposition testimony to prove that Brown's motivation to speak to the police was based on personal reasons and not CT Page 6806 due to public concern. (Deposition of Kevin Brown, August 9, 2001 [Brown Deposition], pp. 47-51; 58; 61-62; 73-76; 80-81; 87-89.)
In opposition, however, Brown submits his deposition and affidavit to establish that he made statements and cooperated with the police regarding their homicide investigation and that he was immediately fired on account of his involvement in the investigation. (Brown Deposition, p. 72; Affidavit of Kevin Brown, December 12, 2001 [Brown Affidavit], ¶¶ 2-5.) Brown presents his deposition and affidavit to prove he was wrongfully terminated because his motivation to speak to the police department was based on public concern. (Brown Deposition, p. 89; Brown Affidavit, ¶ 3.) Brown indicated in his deposition that prior to his connection to the investigation, there was no indication that his work product was less than satisfactory. In fact, Brown stated in his deposition that he received a promotion a few weeks prior to his termination. (Brown Deposition, p. 36.) Furthermore, no evidence has been presented to establish that Brown's statements interfered with his work performance or working relationship with The flay.
In the present case, The Day has not submitted adequate evidence to prove there is no genuine issue of material fact. Brown, by contrast, has met his burden by utilizing his deposition testimony to show that a genuine issue of material fact exists as to his motivation for speaking to the police. The evidence presented proves that there is a dispute as to whether Brown's motivation for speaking falls within that language our Supreme Court has deemed protected speech pursuant to § 31-51q. Accordingly, there exists a genuine issue of material fact as to Brown's motivation to speak with the police department regarding the homicide investigation. Therefore, The Day's motion for summary judgment is denied.
 ___________________ D. Michael Hurley, Judge Trial Referee