[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #116
Before the court is the defendant's motion for summary judgment, contending that the plaintiff is statutorily barred from this cause of action.[1] The defendant fails to show that he is entitled to judgment as a matter of law, and therefore, for the reasons stated below, his motion for summary judgment is denied.
This action arises out of the defendant's response to a hospital survey in which he made derogatory comments about the medical care he received from the plaintiff. The plaintiff alleges that as a result of the defendant's comments, he has suffered damage to his reputation and he brought a single count complaint, sounding in libel.
According to the defendant's affidavit, was treated by the plaintiff in the emergency department of St. Vincent's Medical Center on April 25, 1999, and released. On April 29, 1999, the defendant was admitted to St. Vincent's through the outpatient practice of Dr. Saul Feldman. The defendant was released May 2, 1999. The defendant subsequently received a four-page "Inpatient Survey" from St. Vincent's. The survey instructions state: "Please rate the services you received while in St. Vincent's Medical Center. . . . Space is provided for you to comment on good or bad things that may have happened to you." (Motion for Summary Judgment, Exhibit A). A letter that was sent with the survey from William J. Riordan, President and Chief Executive Officer, stated: "This is one of the best ways for me to measure overall patient satisfaction. . . . Your comments will help to improve the care provided. . . ." (Objection to Motion for Summary Judgment, Exhibit B.) On page 3 of the survey in section H, labeled "Physician", in the "comments" section, the defendant noted: "Dr. Feldman and his teaching staff [were] superb, however, ER physician (Dr. Morman[sic]) was very insensitive and somewhat incompetent CT Page 7282 (he did not initiate right investigations right then.)" (Motion for Summary Judgment, Exhibit B.)
In his motion for summary judgment, filed January 14, 2002, the defendant contends that he is entitled to judgment as a matter of law because the plaintiffs claim is barred, as the comments the defendant made regarding his care are protected by Connecticut General Statutes § 19a-17b (b). The plaintiff contends that the defendant's statements are not protected by the statute because they were not made in the context of either a peer review action or as an aid in the evaluation of the qualifications, fitness or character of a physician.
Section 19a-17b (b) states, in pertinent part: "There shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any person who provides testimony, information . . . to any hospital, hospital medical staff . . . or medical review committee when such communication is intended to aid in the evaluation of the qualifications, fitness or character of a health care provider and does not represent as true any matter not reasonably believed to be true."
"[S]ummary judgment . . . is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99,111, 639 A.2d 507 (1994). See also Picataggio v. Romeo, 36 Conn. App. 791,794, 654 A.2d 382 (1995) ("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment."). In the present case, § 19a-17b (b) would preclude the plaintiffs lawsuit if the defendant's comments were "intended to aid in the [evaluation] of the qualifications, fitness or character of a health care provider . . . [and did] not represent as true any matter not reasonably believed to be true." (Emphasis added.) Because the statute raises the issue of the intent and beliefs of the person making the comment, and the defendant has not provided evidence sufficient to show that there is no issue of fact as to these matters, this issue is not ripe for summary judgment, and therefore, the defendant's motion is denied.
 ___________________ GALLAGHER, J.