[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT #137
Before the court is the plaintiff's motion for summary judgment as to liability only, contending that he is entitled to judgment as a matter of law. The plaintiff fails to show that there is no genuine issue of material fact, and therefore, for the reasons stated below, his motion for summary judgment is denied.
The plaintiff, Gordon, sues the defendant, Parnoff, for groundless or vexatious suit. A prior action was terminated in favor of Gordon. In that action, the court, Skolnick, J., struck Parnoff's original three count complaint upon Gordon's motion, whereupon Parnoff filed a substituted complaint with six counts, the last three counts of which were again directed against Gordon and identical to those in the stricken complaint. The court, Skolnick, J., granted Gordon's motion for summary judgment as to those three counts on essentially the same grounds as those contained in its decision on the motion to strike the original complaint.
Gordon now moves, pursuant to General Statutes § 52-568 (1),[1]
for summary judgment as to liability only, arguing that there is no genuine issue of material fact that the defendant had no probable cause to commence and prosecute the prior action.
"Practice Book § [17-49] . . . provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 7289 that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of and genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. and the party opposing such motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New YorkMutual Ins. Co., 259 Conn. 527, 549-50, ___ A.2d ___ (2002).
Under General Statutes § 52-568, the court must consider if the previous suit was brought "without probable cause. . ." "Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. . . ." (Internal quotation marks omitted.) Ancona v. Manafort Bros., Inc.,56 Conn. App. 701, 708, 746 A.2d 184, cert. denied, 252 Conn. 954,749 A.2d 1202 (2000). "[T]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary precaution, prudence and judgment, under the circumstances, in entertaining it." (Internal quotation marks omitted.) Id., 709."[T]he defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Internal quotation marks omitted.) Id.
The plaintiff attaches an affidavit which he contends establishes that the defendant did not have probable cause to prosecute the prior claims against him because he could not have a reasonable, good faith belief in the facts alleged and the validity of the claims asserted after the original complaint had been stricken in its entirety. See Infante v.Zurich American Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327422 (June 5, 2001, Skolnick, J.)
The plaintiff, however, does not merely allege that the action was commenced without probable cause, but also alleges that the complaint was unjustly prosecuted by the defendant without probable cause. In the context of the statute, "[t]he term prosecute is defined as . . . [t]o follow up; to carry on an action or other judicial proceeding. . . . To prosecute an action is not merely to commence it, but includes following it to an ultimate conclusion; . . . [t]o maintain rather than to commence or begin an action." (Citation omitted; internal quotation marks omitted.) Id.
"The determination of probable cause in an action . . . turns on the defendant's state of mind concerning the litigation." Taylor v. TheConvent of St. Birgitta, judicial district of Stamford/Norwalk at CT Page 7290 Stamford, Docket No. 164709 (September 8, 2000, Karazin, J.). The plaintiff in this case attempts to show the defendant's state of mind by his own affidavit. However, "summary judgment . . . is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). See alsoPicataggio v. Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995) ("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment.").
Furthermore, "reasonableness is a question of fact for the trier to determine on all of the circumstances." Williams Ford, Inc. v. HartfordCourant Co., 232 Conn. 559, 580, 657 A.2d 212 (1995). Therefore, it cannot be decided on a motion for summary judgment.
Because the statute raises the issue of intent and the beliefs of the person initiating the suit, and the plaintiff has not provided evidence sufficient evidence to show that there is no issue of fact as to these matters, this issue is not ripe for summary judgment, and therefore, the plaintiff's motion is denied.
GALLAGHER, J.