[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#102)
 I FACTS AND PROCEDURAL HISTORY
This action involves properties located on Fitts road in Ashford, Connecticut. On April 22, 2002, the plaintiff, Christopher Robertson, filed a two count complaint against the defendant, Patricia Theriault, alleging trespass and violations of the town of Ashford's zoning regulations (zoning regulations).[1] Count one alleges the following facts. The plaintiff has been the owner of property known as 57-59 Fitts road (lot 3) since June 8, 1998. The defendant has been the owner of property known as 63-65 Fitts road (lot 2) since August 4, 1998. Both properties were conveyed to the parties by the same grantor, Richard W. Larson. On June 21, 2000, the defendant constructed a swimming pool and shed (structures) on a portion of the plaintiffs property without his prior knowledge or consent. On August 2, 2001, the plaintiff demanded that the defendant remove the structures from his property and the defendant failed to do so. The structures constitute a trespass.
Count two incorporates paragraphs one through three of count one and further alleges the following facts. The properties owned by the parties are subject to the zoning regulations. The structures are in violation of §§ 3.01.03 J.1 and 3.01.03 H of the zoning regulations. On
On May 16, 2002, the plaintiff filed a motion for summary judgment and a memorandum in support thereof, affidavits, copies of the defendant's and the plaintiffs warranty deeds, a 1972 subdivision plan, a May 14, 2002 property survey, a copy of zoning regulation § 3.01.03 and a cease and desist order issued to the plaintiff from the Ashford planning and zoning commission dated April 5, 2002. On June 6, 2002, the defendant filed a memorandum in opposition and attached affidavits thereto. Thereafter, the plaintiff filed reply and supplemental memoranda in CT Page 11803 support of his motion for summary judgment on June 13, 2002.
 II ARGUMENT
The plaintiff moves for summary judgment on the ground that no material issues of fact are in dispute and, therefore, he is entitled to judgment as a matter of law in both actions.[2] In addition, the plaintiff contends that there is no real dispute concerning the parties' common boundary line as title to lots two and three were established by deeds and conveyed by the same grantor. Further, the plaintiff argues that the defendant's adverse possession claim fails as a matter of law because: (1) prior to Larson's 1998 conveyances of lots two and three to the parties, he was the sole owner of said lots; (2) both conveyances were by warranty deeds, containing specific descriptions of the lots with reference to the subdivision map; and (3) the defendant has not ousted the plaintiff of possession for fifteen years or more. Therefore, the plaintiff maintains that the evidence shows that the location of the defendant's structures amount to a trespass, as they are on his property and, further, are in violation of the zoning regulations. Consequently, the plaintiff seeks injunctive relief to remedy the defendant's trespass and zoning violations.
In response, the defendant disputes the accuracy of the plaintiffs affidavit wherein he states that he had no prior knowledge of the erection of the structures and that he did not consent to the location of the structures. The defendant, through her own affidavit, attests that the plaintiff had prior knowledge of the structures before they were erected and that he consented to their location, as he believed said location was on property belonging to the defendant. In addition, the defendant contends that her statements are supported by those in her neighbor's, Deb Nunes', affidavit. Further, the defendant notes that the survey submitted by the plaintiff showing the boundary line between lots two and three and the location of the structures, is an "A-2 survey" and not a "Class A-2 survey."[3] Lastly, the defendant argues that because the plaintiff consented and acquiesced to the location and erection of the structures he should be estopped from taking any action against her.
The defendant's complaint alleges claims of adverse possession and trespass, however, she has neither briefed nor argued these claims in her motion in opposition to summary judgment. Claims not briefed are deemed abandoned and will not be reviewed by this court. See Abington LimitedPartnership v. Heliblein, 257 Conn. 570, 586, 778 A.2d 885 (2001). Thus, the sole question is whether there are material, issues of fact in CT Page 11804 dispute as to the plaintiffs acquiescence and consent to the boundary line between lots two and three and the location of the structures.
 A ACQUIESCENCE
In her motion in opposition, the defendant avers that the plaintiff consented and acquiesced to the location of the structures, as the parties believed that the boundary line dividing separating their properties was a row of trees and, thus, the placement of the structures was on the defendant's property. In response, the plaintiff argues that he did not consent to the boundary line being a row of trees separating lots two and three and, furthermore, he did not consent to the structures being placed on his property. In addition, the plaintiff maintains that even if the location of the structures was consented to, it was merely a license and, as such, did not effectively convey an irrevocable interest in the land to the defendant.
"The doctrine of recognition of and acquiescence in a boundary line is upheld. by many authorities. It is sometimes referred to as acquiescence in, or as a practical location of or as an implied agreement as to, a boundary." (Internal quotation marks omitted.) Delbuono v. Brown BoatWorks, Inc., 45 Conn. App. 524, 533, 696 A.2d 1271 (1997), citing Annot., 69 A.L.R. 1431 (1930). The court in Lowndes v. Wicks, 69 Conn. 15,30, 36 A. 1072 (1897), defined the doctrine of acquiescence as "quiescence under such circumstances that assent may be reasonably inferred from it. . . . Assent thus given is as irrevocable as if expressly stated."
Whether there was an implied agreement between the parties as to the boundary line separating their lots being a row of trees presents a question of fact. See Martel v. Malone, 138 Conn. 385, 390-9 1, 85 A.2d 246
(1951) ("an implied agreement presents a question of fact, essentially dependent upon the question of intention, to be determined in the light of all of the significant circumstances"). "[S]ummary judgment is "inappropriate where the inferences which the parties seek to have drawn deal with questions of . . . intent. . . ." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99,111, 639 A.2d 507 (1994). See also Picataggio v. Romeo,36 Conn. App. 791, 794, 654 A.2d 382 (1995) ("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment"). Because the parties have submitted personal affidavits wherein they dispute whether there was an agreement and consent to the boundary line being a row of trees CT Page 11805 separating their lots and the placement of the structures, this court finds that material issues of fact are in dispute.
 III CONCLUSION
For the foregoing reasons, the plaintiffs motion for summary judgment is granted as to the defendant's action[4] and denied as to its action[5] as the parties' affidavits show that material issues of fact are in dispute regarding whether there was an agreement and consent to the location of the boundary line separating their lots and the placement of the structures.
 _____________________________ Francis J. Foley, III Judge of the Superior Court